UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON WESLEY. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:05-CV-2266-D |
| | § | ECF |
| YELLOW TRANSPORTATION, INC., | § | |
| C/O THE FRICK CO., | § | |
| | § | |
| *Defendant*. | § | |


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD A. ARRIETA, et. al. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:05-CV-2271-D |
| | § | ECF |
| YELLOW TRANSPORTATION, INC., | § | |
| C/O THE FRICK CO., | § | |
| | § | |
| *Defendant*. | § | |

### MOTION TO BIFURCATE PLAINTIFF DON WESLEY FROM GROUP CASE AND CONSOLIDATE WITH SINGLE FILED CASE AND MOTION FOR EXTENSION OF TIME

Plaintiff Don Wesley respectfully dual files this Motion in both cases and respectfully moves the Court to Bifurcate Plaintiff Don Wesley as a Plaintiff from Case NO. 3:05 CV 2271 (the "group case"). Plaintiff further seeks to consolidate that bifurcated case with Case No.

3:05-CV-2266 (the individual case) into a newly consolidated case (the Wesley case).  Plaintiff also seeks to have the newly consolidated Wesley case controlled by the last issued Scheduling Order in the group case.[1]

Alternatively, Plaintiff seeks a one hundred twenty day extension of time in the individual case filed by Mr. Wesley to allow more time for discovery and to bring that Scheduling Order in that case in conformity with the Scheduling Order in place for the other nineteen plaintiffs who have filed a case against Yellow Transportation.

## I. BACKGROUND FACTS:

1. Plaintiff Don Wesley filed *Don Wesley v. Yellow Transportation, Inc et. al,* Case No. 3:05-CV-2266 on November 18, 2005.  He filed Pro Se.

2. Plaintiff Don Wesley was also part of the group of twenty plaintiffs that filed *Richard Arrieta et al v. Yellow Transportation, Inc.*, Case NO. 3:05 CV 2271 that same day.  All twenty plaintiffs filed Pro Se.

3. During the Pro Se period, plaintiffs in the group case defended against Motions to Dismiss, effected proper service of the Complaint and searched for an attorney to represent them.  The search for counsel took several months.

4. The undersigned counsel filed her Notice of Appearance on May 9, 2006 in the individual filed case for Mr. Wesley and in the group case indicating that the law firm of Janette Johnson & Associates represented eight of the twenty plaintiffs in the group case including Mr. Wesley.  This was done only after the law firm had the opportunity to meet with each of the eight

---

[1] Both cases are before the Honorable Sidney A. Fitzwater.  Different Magistrates are assigned to each case.  Plaintiff takes no position as to which Magistrate should be assigned should the cases be combined.

Plaintiffs that now comprise the group Plaintiffs in the *Arrieta* case.

5. On that same date, the undersigned filed Notice of Related Cases indicating that the two cases were related.

6. The discovery scheduling order for Don Wesley's individual case was set on February 16, 2006. Mr. Wesley did have the right to participate in a Joint Scheduling Status Report but he was not represented at the time. The Court's Scheduling Order indicates that discovery should be completed on February 1, 2007, and that the parties are to file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations at that time. Little or no progress has been made on settlement of Wesley's case at this time.

7. This Court's June 19, 2006 discovery scheduling order for the group case which includes Don Wesley indicates that Discovery shall be completed and that the parties are to file a joint estimate of trial length and joint status report concerning the progress of settlement negotiations no later than June 1, 2007. This scheduling order grants the other nineteen plaintiffs an additional four months of discovery, additional time which Plaintiff Wesley also seeks should his two cases be consolidated into one case.

8. Don Wesley's allegations in both the group and the individual case are essentially similar. He complains of race discrimination, race harassment, retaliation and a discriminatory and retaliatory discharge and grievance processing procedure. However, his case is distinctly different from that of the other nineteen plaintiffs including the remaining seven in the group case. Of the twenty original plaintiffs, Mr. Wesley is the only one to have suffered a discharge who has not been reinstated to his position at Yellow Transportation.

9. His discharge involves allegations that he was disciplined, discharged , refused

reinstatement and otherwise treated far more severely in the grievance processing procedure than others who were similarly situated who engaged in similar or far more serious misconduct and that the motivation for such treatment was either race or retaliation discrimination. He was discharged after he brought a pornographic film to work and watched it in the break room. Mr. Wesley will present evidence that usage of pornographic or sexually explicit materials by bargaining unit members was not an unusual occurrence and that far more serious infractions were also common and did not result in a permanent discharge and/or a failure to reinstate.

    10. Because he suffered a discharge from a union position with union scale wages and a union/multi employer pension with excellent pension benefits for those who meet the seniority required to attain a pension, his economic backpay, frontpay and pension damages, should he prevail, are significant.

    11. The attorneys have proceeded jointly on litigation in both cases. Thus, in addition to several procedural motions, the following work has been done on these cases:

    A. On September 16, 2006, Plaintiffs filed their First Amended Complaint in the group case and on September 17, 2006, Plaintiffs filed their Second Amended Complaint in the group case (correcting typographical defects in the First Amended Complaint.)

    B. On September 18, 2006, Defendant filed its Initial Disclosure in the Group Case;

    C. On September 27, 206 Plaintiffs filed their Initial Disclosure in both cases. This was an extensive effort (128 pages) listing over 217 individual persons likely to have discoverable information relevant to disputed facts.

    D. On October 5, 2006, Defendant served its Initial Disclosures in the Individual Case.

    E. On October 31, 2006, Plaintiff served its Expert Report in the Individual Case.

    F.    The following depositions sessions have been held and all eight Plaintiffs have now had their depositions taken:

1. Don Wesley - October 2, 2006;

2. Don Wesley - November 1, 2006;

3. Abram Trevino - October 16, 2006;

4. Abram Trevino - November 2, 2006;

5. Abram Trevino - November 27, 2006;

6. Ruben Hernandez - October 30, 2006;

7. Richard Arrieta - November 29, 2006;

8. Ben Crommedy - December 12, 2006;

9. Chris Calip - December 18, 2006

10. Roger Johnson - December 28, 2006;

11. John Ketterer - January 11, 2007.

    G.    On November 30, 2006, Defendant served Interrogatories and Requests for Production on all Plaintiffs in the Group Case.

    H.    On January 17, 2007, Plaintiff Wesley answered the Defendant's Interrogatories and Requests for Production sent in the Group case.[2]

    I.    Discovery responses of the other Plaintiffs Richard Arrieta, Chris Calip, Ben Crommedy, Rubin Hernandez, Roger Johnson, John Ketterer, Abram Trevino is due to be served on January 30, 2007. Said discovery is somewhat extensive in that it asks each person to provide

---

[2]The parties agreed to extensions of time with respect to responding to Defendant's discovery and Defendant's issuance of its expert reports.

their complete work history since high school and also identify all persons with whom they have had contact or with whom they have discussed the case and information about such interactions. This task is requiring extensive lists of individuals for several of the plaintiffs.

  J. In December 2006, Defendant issued four Notices to take Deposition by Written Questions relating to Wesley in the Group case.

  K. On January 4, 2007, Defendant designated its Expert Witness Designations and pursuant to agreement of the parties, its Expert Reports in the Individual case are due on February 5, 2007.

  L. Plaintiff Don Wesley indicated in early January that he wanted to take depositions and formalized the request by letter of January 19, 2007 in which his counsel requested depositions of thirteen witnesses (now pared down to twelve) in his individual case. Defendant is attempting to arrange a schedule for those depositions but no firm dates have yet been set.

  12. Plaintiff's counsel commenced discussions with opposing counsel Shauna Johnson Clark in January of 2007 regarding an extension of time in the individual case. She followed up with a detailed letter to Ms. Clark on January 19, 2007 and a letter of January 24, 2007 in which the issue of dismissal of one lawsuit was brought up and bifurcation was also discussed. Counsel had further discussions relating to this Motion on January 24, 2007. Plaintiff's counsel sent an additional letter on January 25, 2007, this time suggesting a Motion to Bifurcate and Consolidate as the remedy that the Plaintiff is seeking.

  13. Plaintiff's counsel left a further telephone message the afternoon of January 27, 2007 on this issue but Ms. Clark was not in her office. Because discovery is set to close of February 1, 2007, in the individual case, Plaintiff's counsel advised Ms. Clark in her letter of

January 25, 2007 that she wanted to get this Motion on file this week. Thus, it is not known what the position of the Defendant is on this motion.

14.   This is the first request for an extension of the discovery deadlines in the individual case. There have been no requests for extension of deadlines in the group case.[3]

15.   The original group case has already been bifurcated once. Thus, on August 28, 2006, this Court adopted the recommendation of United States Magistrate Irma C. Ramirez, issued July 13, 2006, to grant a Motion to Bifurcate the group case. That motion had been filed on June 5, 2006, when twelve of the original twenty plaintiffs had filed a Motion to Separate seeking bifurcation. A separate lawsuit has now been created for them entitled *Freddie L. Brooks et. al. v. Yellow Transportation, Inc.* The *Brooks* case has the same scheduling order as the *Arrieta* case.

16.   Considering that Mr. Wesley's case has more complex issues than that of some of the other Plaintiffs, Plaintiff Wesley respectfully seeks for his case the additional approximate 120 days of discovery that the other nineteen plaintiffs have for their cases.

17.   In addition, counsel for Mr. Wesley has been unusually heavily engaged in litigation in other cases during 2006. Thus, the undersigned counsel has had four trials actually go to trial in 2006 and a fifth trial reschedule in January of 2007 on the day before trial was to commence. In contrast, most years counsel only has one or possibly two cases actually go to trial. As the court knows, trial requires extensive additional time in pretrial pleadings,

---

[3] Of course, Plaintiff's counsel is willing to work with Defense counsel as to scheduling of these depositions. In addition, adoption of the later scheduling order will also allow for additional time for written discovery, discovery motions, if any, and for the dispositive motion deadline.

Plaintiff's Motion to Bifurcate et al. - Page 7

preparation and actual trial.

18.  Plaintiff's counsel also has two post trial briefs to file in February, 2007 relating to an arbitration trial that lasted for six days in December of 2006 and January of 2007 in which she was co-counsel.

19.  Further, the law firm remains understaffed as three attorneys departed the law firm in 2005 and have not been replaced.  The undersigned and remaining attorney Christine Neill have had to absorb the cases of the departed attorneys as well as their own work load.  While the majority of those cases have now been resolved, the additional work load has impacted work on other cases including this one during 2006.

20.  Plaintiff's counsel intends to serve additional written discovery and take depositions in this case.  In adition, a Motion to Compel may be necessary.  Plaintiff's counsel anticipates that all discovery on Mr. Wesley's case can be completed should his scheduling order be conformed to the scheduling order of the group case.

## II. ARGUMENTS AND AUTHORITIES:

As Judge Irma C. Ramirez indicated in her July 13, 2006 decision in the first Motion to Bifurcate, p.3:

"Pursuant to Rule 21 of the Federal Rules of Civil Procedure, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any state of the action and on such terms as are just.  Any claim against a party may be severed and proceeded with separately." Fed. R, Civ. P. 21. Severance under Rule 21 creates two separate actions or suits where previously there was but one.  When a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in

either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neill*, 709 F.2d 361, 368 (5th Cir. 1983).

"In determining whether to sever a party or claim, courts consider whether the claims arise out of the same transactions or occurrence, whether the claims present common questions of law or fact, whether settlement or judicial economy would be served, whether prejudice could be avoided through severance, and whether the separate claims require different witnesses and documentary proof. *Amie,* 2005 W.L. 3007009 at *2 (citing *Morris v. Northrop Grumman Corp.*, 37 F. Supp.2d. 556, 580 (E.D.N.Y., 1999)); see also *Carrington v. Vertex Aerospace, L.L.C.* 204 WL 838014, *1-2 (W.D. Tex. April. 8, 2004)." (P. 3 of her Decision).

In the instant case the only plaintiff that has issues of misconduct relating to pornography is that of Don Wesley who brought a pornographic film to work and watched it with others in the break room on his break. Thus, issues of the usage of pornographic or sexually explicit movies, magazines or implements has been explored in the depositions and will undoubtedly arise in the *Wesley* case. These issues are not relevant to the case of the other seven plaintiffs and those plaintiffs may well be prejudiced in their race discrimination, race harassment and retaliation case by the emphasis on the saturation of pornographic materials in this work environment that Wesley will seek to present in his case.

In addition, Don Wesley seems not only monetary damages but also reinstatement. The other seven employees (as well as the other twelve in the separate suit) are all current employees so reinstatement is not an issue in their case. In addition, it is anticipated that Mr. Wesley's case

may be easier to resolve in a mediation setting if his case is separated from the group case.[4]

While certainly some of the witnesses will overlap in the two lawsuits, the issues being discussed by the witnesses will be far different, will involve testimony that may prejudice the rights of the other plaintiffs and it is anticipated that the *Wesley* case will require far less witnesses than the *Arrietta* group case.

Lastly, Plaintiff filed the two cases when he was Pro Se. Bifurcation of Wesley's case out of the group case will solve a problem of duplication and will also, hopefully, along with the ancillary relief sought, will allow Mr. Wesley to have the same amount of time for discovery as the other nineteen plaintiffs.

Respectfully Submitted,

/s/ Janette Johnson
Janette Johnson
Texas Bar No. 10744020
Janette Johnson & Associates
2601 Welborn Street
Dallas, Texas 75219
(214) 522-4090
(214) 522-4092 (fax)

Attorneys for Plaintiff

---

[4] The court has not ordered mediation in either of these cases as of this date although Plaintiff Wesley is willing to go to mediation to attempt to resolve his dispute.

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on January 26, 2007 a true and correct copy of the foregoing Plaintiff's Motion to Bifurcate was sent via U.S. mail to counsel for Yellow Freight:

Shauna Johnson Clark, Esq.
Cathryn L. Blaine, Esq.
Fulbright & Jaworksi, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095

/s/ Janette Johnson