IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD A. ARRIETA, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:05-CV-2271-D |
| VS. | § | |
| | § | |
| YELLOW TRANSPORTATION, INC., | § | |
| C/O THE FRICK CO., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Yellow Transportation, Inc. ("YTI") moves for leave to file a first amended answer and affirmative and other defenses to plaintiffs' second amended complaint.  Plaintiffs move for leave to file a third amended complaint.  Concluding that plaintiffs' motion is timely and that no undue prejudice or delay will result from allowing the requested amendment, the court grants the motion. Because YTI is entitled as of right to file a responsive pleading to plaintiffs' third amended complaint, and because the third amended complaint will supersede plaintiffs' second amended complaint, the court denies YTI's motion without prejudice.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

To decide these motions, the court need only briefly address the background facts and procedural history.  Seven plaintiffs[2] sue YTI alleging that it is liable for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Texas Commission on Human Rights Act, Tex. Labor Code Ann. §§ 21.001-21.556 (Vernon 2006).  Plaintiffs filed their second amended complaint on October 19, 2006, in compliance with the court's scheduling order that set May 1, 2007 as the deadline for filing a motion for leave to amend the pleadings.

YTI filed its answer to plaintiffs' second amended complaint, also in compliance with the scheduling order deadline, on October 24, 2006.  On May 1, 2007——the deadline for filing motions for leave to amend——YTI filed the instant motion for leave to amend its answer.  Plaintiffs oppose the motion.

Plaintiffs filed a motion for leave to amend on May 30, 2007, nearly a month after the court-ordered deadline.  On the same day, however, they filed a motion requesting that the court extend all pretrial deadlines, which the court granted on June 22, 2007.  Because the order extended all deadlines by 90 days, plaintiffs'

---

[2]The plaintiffs are Richard A. Arrieta, Chris Calip, Benjamin Crommedy, Rubin Hernandez, Roger Johnson, John Ketterer, and Abram Trevino.  An eighth plaintiff, Don Wesley, was severed from this case.

motion for leave to amend was timely.  Plaintiffs maintain that they should be granted leave to amend so that they may obtain relief based on discriminatory conduct that YTI committed after plaintiffs filed their second amended complaint.  They specifically contend that YTI's conduct has resulted in new claims against YTI by plaintiff Rubin Hernandez ("Hernandez") for terminating him in retaliation, *inter alia*, for filing this lawsuit.  YTI opposes the motion, and it requests, in the alternative, that, if leave to amend is granted, Hernandez be severed from the case.[3]

## II

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  Leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend, however, "is by no means automatic."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[3]Essentially for the reasons the court explains below concerning why allowing plaintiffs to amend will not unduly prejudice YTI, the court denies YTI's alternative request that Hernandez be severed from this case.

previously allowed, undue prejudice to the opposing party, and futility of amendment.  *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  When, as here, a party files a motion to amend by the court-ordered deadline, there is a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.).

### III

YTI's principal argument in opposition to plaintiffs' motion is that plaintiffs did not timely file their motion by the original May 1, 2007 court-ordered deadline.  It maintains that Rule 16 (concerning amendments to scheduling orders) governs this issue instead of the more liberal standard of Rule 15.  The court disagrees.  Because the court's June 22, 2007 order extended all deadlines by 90 days, plaintiffs' motion was timely filed, no modification of the scheduling order is needed as a prerequisite to granting leave to amend, and Rule 15(a) governs.

YTI also posits that allowing plaintiffs to amend would be futile because Hernandez cannot show that YTI's "non-retaliatory reason for Hernandez's termination is a pretext." D. Resp. at 5. The court recognizes that it may deny leave when the amendment would be futile, that is, when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  But as the court has noted several times,

- 4 -

> [its] almost unvarying practice when futility
> is raised is to address the merits of the
> claim or defense in the context of a Rule
> 12(b)(6) or Rule 56 motion.  The court only
> infrequently considers the merits of new
> causes of action in the context of Rule 15(a).
> The court prefers instead to do so in the
> context of a Rule 12(b)(6) or Rule 56 motion,
> where the procedural safeguards are surer.

*Poly-Am., Inc.*, 2002 WL 206454, at *1-*2 (quoting *Sells v. Six Flags Over Tex., Inc*., No. 3:96-CV-1574-D, slip op. at 2 (N. D. Tex. Oct. 17, 1996) (Fitzwater, J.)).  Accordingly, the court will not deny plaintiffs leave to amend based on futility.

YTI also contends that allowing plaintiffs to amend their complaint would unduly prejudice it due to a potential need for new discovery to address Hernandez's new claims.  YTI points specifically to the approaching deadline for filing summary judgment motions.  But this concern has been at least partially addressed by the court's order extending all deadlines by 90 days. And if granting leave to amend warrants another extension of the summary judgment motion deadline, YTI can seek such relief, thereby eliminating any such prejudice.

Accordingly, for the reasons stated, the court grants plaintiffs leave to amend their complaint.  They must file their third amended complaint—electronically or on paper—within five business days of the date this memorandum opinion and order is filed.

IV

YTI moves for leave to file a first amended answer and affirmative and other defenses to plaintiffs' second amended complaint.  The court denies this motion without prejudice.  First, because the court has granted plaintiffs leave to amend, YTI is entitled as of right to file the answer that it now requests leave of court to file.  *See* Rule 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.").  Second, because plaintiffs' third amended complaint will supersede their second amended complaint, YTI's request to amend its answer to the second amended complaint is moot.

*        *        *

The court grants plaintiffs' May 30, 2007 motion for leave to file a third amended complaint, and it denies YTI's alternative request that the court sever Hernandez from this case.  YTI's May

1, 2007 motion for leave to file first amended answer and affirmative and other defenses to plaintiffs' second amended complaint is denied without prejudice as moot.

    **SO ORDERED.**

    July 13, 2007.

                          _____
                          SIDNEY A. FITZWATER
                          UNITED STATES DISTRICT JUDGE