```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF TEXAS
                  DALLAS DIVISION
```

RICHARD A. ARRIETA, et al.,   §
                              §
              Plaintiffs,     §
                              § Civil Action No. 3:05-CV-2271-D
VS.                           §
                              §
YELLOW TRANSPORTATION, INC.,  §
C/O THE FRICK CO.,            §
                              §
              Defendant.      §

## MEMORANDUM OPINION AND ORDER

Defendant Yellow Transportation, Inc. ("YTI") moves to consolidate this employment discrimination case (the "*YTI Lawsuit*") with *Arrieta v. Local 745 of the International Brotherhood of Teamsters*, No. 3:08-CV-1722-O (N.D. Tex. filed Sept. 29, 2008) (O'Connor, J.) (the "*Union Lawsuit*"), which is currently pending before Judge O'Connor. For the following reasons, the court denies the motion.[*]

I

In the *YTI Lawsuit*, originally filed in November 2005, seven current or former employees of YTI—Richard A. Arrieta ("Arrieta"), Chris Calip ("Calip"), Ben Crommedy ("Crommedy"), Rubin Hernandez

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

("Hernandez"), Roger Johnson ("Johnson"), John Ketterer ("Ketterer"), and Abram Trevino ("Trevino")—sued YTI asserting claims for race discrimination, retaliation, and hostile work environment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. §§ 21.001-21.556 (Vernon 2006). The court recently granted summary judgment dismissing all of these plaintiffs' claims for race discrimination and retaliation, all the hostile work environment claims of Hernandez, Ketterer, and Trevino, and Crommedy's hostile work environment claims brought under Title VII and the TCHRA. *See Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569, at *29 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.). The court denied summary judgment as to the hostile work environment claims of Arrieta, Calip, and Johnson, and as to Crommedy's § 1981-based hostile work environment claim. *Id*. Trial of the remaining claims in the *YTI Lawsuit* is scheduled for the two-week docket of February 2, 2009.

On September 29, 2008 Arrieta, Calip, Johnson, and Don Wesley ("Wesley") filed suit against Local 745 of the International Brotherhood of Teamsters and the International Brotherhood of Teamsters ("the Union"), which represents employees of YTI. The plaintiffs in the *Union Lawsuit* allege that the Union subjected them to a hostile work environment, in violation of § 1981. The *Union Lawsuit* is in a nascent stage.

II

Fed. R. Civ. P. 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). District courts have broad discretion in determining whether to consolidate cases. *Mills*, 886 F.2d at 762. "Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial." *Id.; see also Rimkus Consulting Group, Inc. v. Cammarata*, 2008 WL 5210722, at *2 (S.D. Tex. Dec. 12, 2008) ("The court also considers whether the cases are at different stages of trial preparation.").

The court denies YTI's motion to consolidate because the cases are at materially different stages of trial preparation. YTI moves to consolidate the *Union Lawsuit*—a case that was recently filed—with the *YTI Lawsuit*—a case that has been ongoing since 2005 and is on the eve of trial. The delay that consolidation would cause in the *YTI Lawsuit*, and the prejudice that would likely be incurred by the remaining plaintiffs in that suit, far outweigh any reasons for consolidating the two cases.

* * *

Accordingly, YTI's November 25, 2008 motion to consolidate is denied.

**SO ORDERED.**

January 13, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE