IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

RICHARD A. ARRIETA, et al.,    §
                               §
                  Plaintiffs,  §
                               § Civil Action No. 3:05-CV-2271-D
VS.                            §
                               §
YELLOW TRANSPORTATION, INC.,   §
C/O THE FRICK CO.,             §
                               §
                  Defendant.   §

                         MEMORANDUM OPINION
                            AND ORDER

    Plaintiffs move the court to reconsider its December 12, 2008 memorandum opinion and order granting in part and denying in part defendant Yellow Transportation, Inc.'s ("YTI's") motion for summary judgment. *See Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.). The court denies the motion.

                                  I

    The court assumes the parties' familiarity with the memorandum opinion and order. Richard A. Arrieta ("Arrieta"), Chris Calip ("Calip"), Ben Crommedy ("Crommedy"), Rubin Hernandez ("Hernandez"), Roger Johnson ("Johnson"), John Ketterer ("Ketterer"), and Abram Trevino ("Trevino") sued YTI asserting claims for race discrimination, retaliation, and hostile work environment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. §§

21.001-21.556 (Vernon 2006). In the memorandum opinion and order, the court granted summary judgment dismissing all plaintiffs' claims for race discrimination and retaliation, all the hostile work environment claims of Hernandez, Ketterer, and Trevino, and Crommedy's hostile work environment claims brought under Title VII and the TCHRA. *Arrieta*, 2008 WL 5220569, at *29. The court denied summary judgment as to the hostile work environment claims of Arrieta, Calip, and Johnson, and as to Crommedy's § 1981-based hostile work environment claim. *Id.*

II

Plaintiffs move for reconsideration, contending that genuine issues of material fact remain as to all plaintiffs' claims. Properly viewed, the motion is in fact a motion to reconsider with respect to the actions of Arrieta, Calip, Johnson, and Crommedy, the plaintiffs whose claims were not dismissed by Fed. R. Civ. P. 54(b) final judgment. But because the court entered a final judgment dismissing in their entirety the suits brought by Hernandez, Ketterer, and Trevino, as to these plaintiffs the motion is properly viewed as a Rule 59(e) motion to alter or amend the judgment.[1] Because the court's analysis is the same whether the

---

[1]The motion is a Rule 59(e) rather than a Rule 60(b) motion because it was filed within ten countable days of the entry of judgment. *See* Rule 59(e); *Fathergill ex rel. Michael Stores, Inc. v. Rouleau*, 2003 WL 21755921, at *1 (N.D. Tex. July 24, 2003) (Fitzwater, J.). The clerk of court entered the judgment on the docket on December 15, 2008. Excluding intermediate Saturdays, Sundays, and days the clerk's office was closed (December 25 and

motion is viewed as a Rule 59(e) motion or a motion to reconsider, the court will address all of the plaintiffs' claims together.

III

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (internal quotation marks omitted). The same standard applies to a Rule 59(e) motion to alter or amend the judgment. *See, e.g.*, *Schwartz v. Int'l Fed'n of Prof'l & Technical Eng'rs*, 2008 WL 324133, at *1 (N.D. Tex. Jan. 29, 2008) (Fitzwater, C.J.) (holding that court did not commit manifest error of law or fact, and denying Rule 59(e) motion), *aff'd*, ___ Fed. Appx. ___, 2009 WL 62236 (5th Cir. Jan. 12, 2009) (per curiam). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *AMS Staff Leasing*, 2005 WL 3148284, at *3 (internal quotation marks omitted).

IV

After considering plaintiffs' motion, the court concludes that neither reconsideration nor amendment of the memorandum opinion and order is warranted. Plaintiffs have neither cited manifest errors of law or fact nor presented newly discovered evidence. The

---

26, 2008), the motion was filed within ten days. *See* Rule 6(a).

majority of plaintiffs' brief simply rehashes arguments they made in opposing YTI's motion for summary judgment in the first place. In deciding YTI's motion for summary judgment, the court issued a lengthy opinion in which it carefully considered the extensive record and the numerous arguments that plaintiffs advanced. The court's reasoning is set forth at length in its memorandum opinion and order, and the court is satisfied that it correctly decided YTI's motion.

Although plaintiffs now make a *post hoc* attempt to bolster or refine several of their arguments, they do not point to any manifest errors that warrant reconsideration of the court's decision. For example,[2] plaintiffs now argue at much greater length that Ketterer, who is Caucasian, has actionable discrimination claims under Title VII, § 1981, and the TCHRA because of his association with minority coworkers. Plaintiffs also now contend that YTI condoned many of the allegedly retaliatory acts of its employees. Plaintiffs give no reasons for why they could not have advanced or adequately developed these arguments when opposing YTI's summary judgment motion. Although the court does not suggest that these arguments would have affected its decision had they been made, or that they are even supported by

---

[2]The court has selected a handful of examples to illustrate its reasoning. It has not attempted to address each instance in which plaintiffs have bolstered or refined arguments or have added arguments not made when originally opposing YTI's motion.

admissible summary judgment evidence, it cites them as examples of refined and buttressed arguments that it need not consider for the first time on a motion for reconsideration.

A motion for reconsideration is not ordinarily a mechanism for litigants to plug holes in their arguments after the court has informed them that they are deficient. There are often significant costs—to the justice system and to the litigants themselves—involved in judicial decisionmaking. As evidenced by the length and breadth of the court's memorandum opinion and order in this case, it devoted extensive effort to rendering a decision involving multiple plaintiffs asserting multiple claims. Judges often commit substantial time and resources to deciding motions, particularly summary judgment motions. It is therefore incumbent on the litigants to adequately present their arguments and evidence before the court first decides a motion, not after the fact, when the court has identified the defects in their cases.

Furthermore, plaintiffs do not contend that they are presenting newly discovered evidence. And the court has not identified any relevant evidence that it did not consider previously. To the extent, however, that plaintiffs now cite evidence that they failed to cite (or to properly cite) in their summary judgment briefing, they have not explained why they could not have adequately cited it before, and the court need not consider it now. The court considered all the evidence that

plaintiffs' properly cited in their summary judgment briefing, and it had no duty to comb the entire record—which in this case included literally thousands of pages of deposition testimony—in search of additional evidence.[3]

\* \* \*

Accordingly, plaintiffs' December 30, 2008 motion for reconsideration of this court's order granting in part and denying in part defendant's motion for summary judgment is denied.

**SO ORDERED.**

January 20, 2009.

SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]It is well settled that the court is not obligated to comb the record in search of evidence that will permit a nonmovant to survive summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). "Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) (citing *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)). "Rule 56, therefore, saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Jones*, 82 F.3d at 1338. Moreover, under N.D. Tex. Civ. R. 56.5(c), "[a] party whose . . . response is accompanied by an appendix must include in its brief citations to each page of the appendix that supports each assertion that the party makes concerning the summary judgment evidence."