IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DON WESLEY,                          §
                                     §
            Plaintiff,               §
                                     § Civil Action No. 3:05-CV-2266-D
VS.                                  §
                                     §
YELLOW TRANSPORTATION, INC.,         §
C/O THE FRICK CO.,                   §
                                     §
            Defendant.               §

RICHARD A. ARRIETA, et al.,          §
                                     §
            Plaintiffs,              §
                                     § Civil Action No. 3:05-CV-2271-D
VS.                                  §
                                     §
YELLOW TRANSPORTATION, INC.,         §
C/O THE FRICK CO.,                   §
                                     §
            Defendant.               §

MEMORANDUM OPINION
AND ORDER

Following pretrial proceedings in which the court dismissed all of these plaintiffs' claims except their racially hostile work environment claims, these claims were tried in a consolidated trial. The jury returned a verdict in favor of plaintiffs Don Wesley ("Wesley"), Ben Crommedy ("Crommedy"), and Roger Johnson ("Johnson") and against defendant Yellow Transportation, Inc. ("YTI"), and in favor of YTI and against plaintiffs Richard Arrieta ("Arrieta") and Chris Calip ("Calip"). The court entered a judgment in each case based on the verdict and on its pretrial

summary judgment rulings.¹  Wesley, Crommedy, and Johnson now move to alter or amend the judgment,² and Arrieta and Calip move for a new trial.  For the reasons that follow,³ the court grants in part and denies in part the motion to alter or amend the judgment and denies the motion for new trial.  The court will file amended judgments today.

I

These cases are the subject of several prior opinions.  *See, e.g., Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.); *Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.); and *Wesley v. Yellow Transp., Inc.*, 2008 WL 294526 (N.D. Tex. Feb. 4, 2008) (Fitzwater, C.J.).  The court therefore pretermits a

---

¹Wesley, Crommedy, and Johnson maintain that their attorney was unaware that the court would enter judgment without first considering their positions regarding equitable relief.  Fed. R. Civ. P. 58(b)(2)(A) provides that "the court must promptly approve the form of the judgment" when "the jury returns a special verdict or a general verdict with answers to written questions."  Moreover, after the jury returned its verdict, the court indicated it would enter judgment promptly, and it did so in accordance with Rule 58(b)(2)(A).

²Although they move to "modify or amend the judgment," the court will refer to the motion by the terminology of Rule 59(e).

³Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."  It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

discussion of the background facts and pretrial procedural history. The parties tried these consolidated cases to a jury, which returned a verdict in favor of Wesley, Crommedy, and Johnson as to their remaining racially hostile work environment claims against YTI, and in favor of YTI as to the remaining racially hostile work environment claims of Arrieta and Calip. Wesley, Crommedy, and Johnson move to alter or amend the judgment to award them prejudgment interest, amend the taxation of costs, and enter injunctive relief. Arrieta and Calip move for a new trial.[4]

II

Wesley, Crommedy, and Johnson move the court to alter or amend the judgment to award them prejudgment interest beginning on November 18, 2005, the date they filed this lawsuit.

A

"There is a strong presumption in favor of awarding pre-judgment interest," *United States v. Ocean Bulk Ships, Inc.*, 248 F.3d 331, 344 (5th Cir. 2001), and "a prevailing plaintiff's request for an equitable award of prejudgment interest should be granted 'in all but exceptional circumstances.'" *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, 2007 WL 4245493, at *1 (N.D. Tex. Nov. 30, 2007) (Boyle, J.) (quoting *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996)). "Prejudgment

---

[4]There are other pending post-judgment motions that the court will decide separately and in due course.

interest should apply to all past injuries, including past emotional injuries." *Thomas v. Tex. Dep't of Justice*, 297 F.3d 361, 372 (5th Cir. 2002).

B

The court grants the motion of Wesley, Crommedy, and Johnson to alter or amend the judgment to award prejudgment interest.

1

Johnson recovered on his racially hostile work environment claims under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"). "State law governs the award of prejudgment interest in diversity cases." *L&C Consultants, LLC v. ASH Petroleum, Inc.*, 2009 WL 3110200, at *10 (N.D. Tex. Sept. 29) (Fitzwater, C.J.), *appeal docketed*, No. 09-11096 (5th Cir. Nov. 10, 2009). Because the court has supplemental jurisdiction over Johnson's TCHRA claim, Texas law applies to that claim. *See, e.g., United States v. Lacy*, 234 F.R.D. 140, 148 (S.D. Tex. 2005) (applying Texas law regarding prejudgment interest to breach of contract claim arising under supplemental jurisdiction). When, as here, there is no statute specifying the rate of prejudgment interest, "Texas allows for the award of prejudgment interest under 'general principles of equity' and follows the principles currently set out in Tex. Fin. Code Ann. § 304 (Vernon 2008)." *L&C Consultants*, 2009 WL 3110200, at *10

(citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998)). Interest accrues "at the rate for postjudgment interest and . . . shall be computed as simple interest." *Johnson & Higgins*, 962 S.W.2d at 532; *see also Giddy Up, L.L.C. v. Prism Graphics, Inc.*, 2007 WL 3125312, at *1 (N.D. Tex. Oct. 24, 2007) (Boyle, J.) ("In keeping with the principles articulated in *Johnson & Higgins*, the Court will follow the prejudgment interest rules described in the Texas Finance Code."). Tex. Fin. Code Ann. § 304.003(a) and (c) provide that prejudgment interest shall accrue at the rate of 5% per annum when, as here, the prime rate as published by the Board of Governors of the Federal Reserve System is less than 5%. *See* Tex. Fin. Code Ann. § 304.003(a) and (c)(2) (Vernon 2008). Accordingly, the court holds that Johnson is entitled to recover prejudgment interest at the rate of 5% per annum, computed as simple interest, from November 18, 2005[5] until the date of judgment based in his claim under the TCHRA.

2

Wesley, Crommedy, and Johnson recovered against YTI on racially hostile work environment claims brought under § 1981 (and Johnson under Title VII, as well). In the absence of a federal

---

[5]The date a lawsuit is filed is a proper starting point under Texas law for awarding prejudgment interest. *See L&C Consultants*, 2009 WL 3110200, at *10 (citing *Johnson & Higgins*, 962 S.W.2d at 531).

statute that establishes the rate of prejudgment interest, state law guides the court's discretion in determining the interest rate. *See, e.g., Carrabba v. Randalls Food Mkts., Inc.*, 145 F.Supp.2d 763, 775 (N.D. Tex. 2000) (McBryde, J.) (citing *Johnson & Higgins* and Tex. Fin. Code Ann. § 304.003(c) and holding, *inter alia*, that prejudgment interest accrued at rate for post-judgment interest and was computed as simple interest); *see also Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991). Accordingly, the court holds that Wesley, Crommedy, and Johnson are entitled to recover prejudgment interest at the rate of 5% per annum, computed as simple interest, from November 18, 2005 until the date of judgment.

III

The court next considers the request of Wesley, Crommedy, and Johnson to alter or amend the judgment to assess their taxable costs of court against YTI and to require that YTI bear its own costs.

A

In the judgment regarding Crommedy, the court assessed Crommedy's taxable costs 50% against Crommedy and 50% against YTI, and it taxed YTI's costs that were reasonably allocable to defending against Crommedy's action 50% against Crommedy and 50% against YTI. In the judgment regarding Johnson, the court assessed Johnson's taxable costs 50% against Johnson and 50% against YTI, and it taxed YTI's costs that were reasonably allocable to

defending against Johnson's action 50% against Johnson and 50% against YTI. In the judgment regarding Wesley, the court assessed Wesley's taxable costs 50% against Wesley and 50% against YTI, and it taxed YTI's taxable costs 50% against Wesley and 50% against YTI.

B

Fed. R. Civ. P. 54(d)(1) provides, in relevant part, that "costs other than attorney's fees shall be allowed as of course to the prevailing party" unless the court otherwise directs. This Rule "creates a strong presumption that the prevailing party will be awarded costs." *Dearmore v. City of Garland*, 237 F.R.D. 573, 575 n.2 (N.D. Tex. 2006) (Lindsay, J.). Nevertheless, "'[t]he district court has broad discretion in taxing costs, and [the Court of Appeals] will reverse only upon a clear showing of abuse of discretion." *Serling v. Am. Airlines, Inc.*, 237 Fed. Appx. 972, 976 (5th Cir. 2007) (per curiam) (quoting *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998)).

Wesley, Crommedy, and Johnson are prevailing parties because they have received a favorable judgment on the merits of their racially hostile work environment claims. "The case must be viewed as a whole to determine who was the 'prevailing party'; a party need not prevail on every issue in order to be entitled to costs." *Fogelman v. Arabian Am. Oil Co.*, 920 F.2d 278, 285 (5th Cir. 1991). *See also Buckhannon Bd. & Home Care, Inc. v. W. Va. Dep't of Health*

& *Human Servs.*, 532 U.S. 598, 603 (2001) (defining "prevailing party" as "one who has been awarded some relief by the court," including judgments on the merits and settlements enforced through consent decrees); *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (applying *Buckhannon* to both attorney's fees and costs under 42 U.S.C. § 1988, which provides remedies for violations of § 1981 and other civil rights statutes). Accordingly, subject to the court's broad discretion in assessing taxable costs, there is a presumption that Wesley, Crommedy, and Johnson should recover costs. *Serling*, 237 Fed. Appx. at 976; *Dearmore,* 237 F.R.D. at 575 n.2.

Despite the court's broad discretion in assessing costs, the prevailing party ought not bear the costs of the nonprevailing party "unless the costs serve as a sanction." *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992). The court discerns no basis in the record to sanction Wesley, Crommedy, and Johnson, and it therefore concludes that they should not be required to bear any of YTI's taxable costs. The court will amend the judgment to eliminate this obligation. Because the court is removing the requirement that Wesley, Crommedy, and Johnson pay any of YTI's costs, it denies without prejudice as moot their petition for review and denial and/or partial denial of defendant's bill of costs.

The court concludes in its discretion, however, that Wesley,

Crommedy, and Johnson should be required to bear 50% of their own taxable costs.  Although these plaintiffs prevailed on their racially hostile work environment claims, they asserted several causes of action that the court dismissed on summary judgment.[6] The court dismissed all of Wesley's Title VII claims and all of his § 1981-based claims except for the racially hostile work environment claim.  The court dismissed all of Crommedy's Title VII, § 1981, and the TCHRA claims except his § 1981-based racially hostile work environment claim.  And the court dismissed all of Johnson's claims except his Title VII, § 1981, and TCHRA-based racially hostile work environment claims.  It was necessary for YTI to incur taxable costs in defending numerous unsuccessful claims over an extended time period.  Therefore, the court concludes that these plaintiffs should be required to bear 50% of their own taxable costs.

In assessing these costs against plaintiffs, the court is not, as plaintiffs surmise, attempting to reflect the fact that two plaintiffs did not prevail at trial.  The fact that other plaintiffs did not prevail is irrelevant to the court's exercise of its discretion in taxing costs.  These plaintiffs must bear 50% of

---

[6]In their motion, Wesley, Crommedy, and Johnson attempt to minimize the scope of their claims.  It is apparent from the court's prior decisions in these cases, however, that they asserted several unsuccessful claims that YTI was required to defend and that the court was obligated to address when deciding summary judgment motions.

their taxable costs because they asserted several unsuccessful claims and recovered only on their claims for a racially hostile work environment.

IV

Wesley, Crommedy, and Johnson move the court to alter or amend the judgment to include an injunction requiring YTI to refrain from further discrimination, harassment, or retaliation against Crommedy or other YTI employees, and to adopt, implement, and effectively enforce a policy and procedure for preventing and controlling racial harassment in the future.

A

Injunctive relief is "an extraordinary and drastic remedy," and should only be granted "when the movant, by a clear showing, carries the burden of persuasion." *Harris Cnty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). To obtain an injunction, the movant must establish "(1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *VRC L.L.C. v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006). Although cessation of a challenged practice does not deprive the court of its power to issue an injunction, *see Meza v. Livingston*, 607 F.3d

392, 400 (5th Cir. 2010), "[o]ne seeking injunctive relief must demonstrate a real and immediate threat that he will be subject to the behavior which he seeks to enjoin." *Gladden v. Roach*, 864 F.2d 1196, 1198 (5th Cir. 1989). In other words, "for an injunction to issue based on a past violation, [plaintiff] must establish that there is a 'real or immediate threat that he will be wronged again.'" *Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000). Further, "'[t]he scope of injunctive relief is dictated by the extent of the violation established,' and an injunction must be narrowly tailored to remedy the specific action necessitating the injunction." *Fiber Sys. Int'l v. Roehrs*, 470 F.3d 1150, 1159 (5th Cir. 2006).

B

The court declines to alter or amend the judgment to include an injunction. Wesley, Crommedy, and Johnson have not shown that injunctive relief is needed to avoid future injury to Crommedy or to other YTI employees. Although they are recovering against YTI for past violations, they have not made the required showing of a real or immediate threat to Crommedy or to other YTI employees (including witnesses and non-prevailing parties) of future violations. The court therefore declines to enter injunctive relief.

V

Plaintiffs Calip and Arrieta move for a new trial, contending that the court erred by disallowing some of their evidence and by improperly instructing the jury on plaintiffs' burden of proof.

A

The court "'has discretion to grant a new trial under Rule 59(a) of the Federal Rules of Civil Procedure when it is necessary to do so to prevent an injustice.'" *Barrow v. Greenville Ind. Sch. Dist.*, 2005 WL 1867292, at *9 (N.D. Tex. Aug. 5, 2005) (Fitzwater, J.) (quoting *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995)), *aff'd*, 480 F.3d 377 (5th Cir. 2007). The Rule "'confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict.'" *Id.* (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985)). "'Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial.'" *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

B

In their two-page motion, which borders on being conclusory,[7] Calip and Arrieta have failed to establish under the applicable standard that the court should grant a new trial. They have not demonstrated that the court committed prejudicial error or that substantial justice was not done. The court therefore denies their motion for new trial.

* * *

Accordingly, for the reasons stated, the court grants in part and denies in part the July 6, 2010 motions of Wesley, Crommedy, and Johnson to alter or amend the judgment, and it denies the July 22, 2010 motion for new trial of Calip and Arrieta. The August 2, 2010 petition of Wesley, Crommedy, and Johnson for review and denial and/or partial denial of defendant's bill of costs is denied without prejudice as moot.[8] The court will file amended judgments

---

[7]The motion may have been framed in these terms because Calip and Arrieta intended to file a memorandum of law. See Ps. Mot. New Trial 2. But as YTI points out in response, Calip and Arrieta did not file a memorandum of law.

[8]The August 2, 2010 petition of Calip and Arrieta for review and denial and/or partial denial of defendant's bill of costs remains pending and will be decided in due course.

today.

**SO ORDERED.**

September 16, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE