```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

RICHARD A. ARRIETA, et al.,    §
                               §
                   Plaintiffs, §
                               § Civil Action No. 3:05-CV-2271-D
VS.                            §
                               §
YELLOW TRANSPORTATION, INC.,   §
C/O THE FRICK CO.,             §
                               §
                   Defendant.  §
```

MEMORANDUM OPINION
AND ORDER

Plaintiffs Richard Arrieta ("Arrieta") and Chris Calip ("Calip") petition for review and denial and/or partial denial of the bill of costs of defendant Yellow Transportation, Inc. ("YTI"). For the reasons that follow, the court grants the petition in part and denies it in part.

I

Arrieta and Calip were unsuccessful in their actions against YTI. *See Wesley v. Yellow Transp., Inc.*, 2010 WL 3606095, at *1 (N.D. Tex. Sept. 16, 2010) (Fitzwater, C.J.). The court assessed YTI's taxable costs against Arrieta and Calip. YTI filed its bill of costs on July 13, 2010 and an amended bill of costs on August 23, 2010. Arrieta and Calip filed the instant petition for review on August 2, 2010. In its September 16, 2010 memorandum opinion and order, the court noted "[t]he August 2, 2010 petition of Calip and Arrieta for review and denial and/or partial denial of defendant's bill of costs remains pending and will be decided in

due course." *Id.* at *4 n.8. The court now takes up the petition.

II

The court overrules the petition to the extent Arrieta and Calip challenge the award of *any* taxable costs or contend that YTI's bill of costs is untimely. As a prevailing party in a civil action, YTI is entitled to recover its taxable costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54(d)(1).[1] "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). "Indeed, [the Fifth Circuit] has held that 'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'"

---

[1] 28 U.S.C. § 1920 provides recovery for these taxable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

*Id.* at 793-94 (quoting *Schwarz*, 767 F.2d at 131). "As a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so.'" *Id.* at 794 (quoting *Schwarz*, 767 F.2d at 131). Arrieta and Calip have not by their conclusory arguments overcome the strong presumption that YTI should be awarded costs.

Nor is YTI's bill of costs untimely. Although the bill of costs was filed on July 13, 2010, more than 14 days after the clerk entered the June 24, 2010 judgment on the docket, and therefore past the deadline imposed by N.D. Tex. Civ. R. 54.1, the court filed an amended judgment on September 16, 2010. YTI's bill of costs and amended bill of costs were therefore filed prior to the date of the amended judgment that controls in this case.

III

Arrieta and Calip specifically challenge YTI's inclusion in the bill of costs of $6,788.76 of the total of $22,629.10 for daily trial transcripts. YTI responds that daily trial transcripts were necessary—not merely convenient—elements of its defense in a complicated and extensive trial. It maintains that the costs for these transcripts are appropriately taxed against Arrieta and Calip because YTI's counsel used the transcripts at trial and in preparation for closing argument.

"To award the cost of daily transcripts, the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in this case." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam) (internal quotation marks omitted). YTI bears the burden of establishing this necessity. *See Fogleman v. Arabian Am. Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991). "A finding of necessity is a factual finding." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983) (citing *United States v. Kolesar*, 313 F.2d 835, 839 (5th Cir. 1963)).

YTI maintains that daily transcripts were necessary, not merely convenient, because the trial was complicated and extensive (with testimony lasting three weeks, multiple plaintiffs, and substantial claims), and the transcripts were used to prepare for closing arguments. YTI's counsel avers that all costs in the amended bill of costs, including the costs of daily transcripts, were necessarily incurred. YTI has established that daily transcripts were necessarily obtained for use in the case. The court therefore overrules this objection.

IV

Arrieta and Calip also object to the inclusion costs for the graphic design of exhibits design, and to witness travel fees.

A

Arrieta and Calip challenge the inclusion of $1,550 in exhibit production costs. "[A]bsent pretrial approval of the exhibits . . . a party may not later request taxation of the production costs to its opponent." *La. Pwr. & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (per curiam). Because YTI did not obtain pretrial authorization for the costs of producing the exhibits at issue, the court sustains the objection and disallows $1,550 for these costs.

B

Arrieta and Calip also object to YTI's request for $9,200 in travel fees for three witness. 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821 together provide the statutory authority for a court to tax witness fees, including travel and lodging. *See, e.g.*, *Holmes*, 11 F.3d at 65. The testimony of witnesses Dan Boklage, John Derry, and Tammy Stephenson ("Stephenson") was necessary to YTI's defense. Their trial testimony, as opposed to deposition testimony, helped establish their credibility and contributed to YTI's success at trial in defending the actions of Arrieta and Calip. In other words, it was not a "'preference' rather than a necessity" for YTI to call these witnesses at trial in addition to deposing them before trial. *See id.* Accordingly, witness fees and travel costs are appropriately taxed against Arrieta and Calip.

Arrieta and Calip also maintain that the amount of the

requested expenses is excessive.  They suggest that YTI is seeking $9,200 in travel expenses for these witnesses, but YTI's amended bill of costs requests the sum of $2,998.96, including witness travel expenses.  The court finds that this request is fully supported by YTI's submission, as amended.

YTI's itemization of witness fees identifies the total witness fees, including witness travel, as $3,038.96.  This itemization includes a mistaken charge of $80 for Stephenson's testimony during one day of trial.  The statutory compensation for one day of trial testimony is $40.  *See* 28 U.S.C. § 1821(b).  YTI's summarized bill of costs does not include this mistake and correctly seeks $2,998.96 in witness fees. These expenses were necessary to YTI's defense and are therefore awardable.

V

Finally, Arrieta and Calip argue that taxation of costs for videotapes of depositions (as opposed to stenographic copies) and criminal history searches is improper.  Because YTI's amended bill of costs excludes these costs, this objection is overruled as moot.

* * *

For the foregoing reasons, the court grants in part and denies in part the August 2, 2010 petition of Calip and Arrieta for review and denial and/or partial denial of defendant's bill of costs.

**SO ORDERED.**

October 26, 2010.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　CHIEF JUDGE