```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

DON WESLEY,                       §
                                  §
            Plaintiff,            §
                                  § Civil Action No. 3:05-CV-2266-D
VS.                               §
                                  §
YELLOW TRANSPORTATION, INC.,      §
C/O THE FRICK CO.,                §
                                  §
            Defendant.            §

RICHARD A. ARRIETA, et al.,       §
                                  §
            Plaintiffs,           §
                                  § Civil Action No. 3:05-CV-2271-D
VS.                               §
                                  §
YELLOW TRANSPORTATION, INC.,      §
C/O THE FRICK CO.,                §
                                  §
            Defendant.            §
```

MEMORANDUM OPINION
AND ORDER

In a prior memorandum opinion and order, the court awarded attorney's fees in favor of plaintiffs, but granted them less than they requested. See Wesley v. Yellow Transp., Inc., 2010 WL 4629972, at *6 (N.D. Tex. Nov. 8, 2010) (Fitzwater, C.J.). Janette Johnson, Esquire ("Johnson"), one of plaintiffs' attorneys, moves for reconsideration of that decision. The court denies the motion.[1]

---

[1] Defendant Yellow Transportation, Inc. responded to Johnson's motion on November 30, 2010. Because the court has not considered the response in deciding Johnson's motion, it need not await a reply brief from Johnson.

I

The court awarded Johnson attorney's fees but reduced the amount requested by 50% to reflect plaintiffs' limited recoveries. *See id.* Johnson requests that the court increase this award to grant her 70% of fees incurred before the beginning of pretrial work and 80% of fees incurred from the time she began pretrial work until the end of trial. Johnson argues that the court's award of 50% of the fees she incurred before beginning pretrial work amounts to a reduction in the lodestar that discourages counsel from representing plaintiffs in meritorious civil rights cases. She maintains that no reduction in the lodestar is necessary because she excised time dedicated to unsuccessful plaintiffs and claims from her request for fees before submitting it to the court. Johnson requests that the court award 80% of the fees she incurred during the pretrial and trial stages. She argues that because plaintiffs succeeded on their claims at trial, and because she shared pretrial and trial work evenly with trial co-counsel John Schulman, Esquire ("Schulman"), the court should award her, as it awarded Schulman, 80% of the fees requested for this work.

II

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL

3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (internal quotation marks omitted). Johnson's motion for reconsideration does not present manifest errors of law or newly discovered evidence, and the reasoning and conclusions of the court's memorandum opinion and order account for both of these arguments.

The court will not award Johnson a higher percentage of fees incurred during the pretrial and trial stages of this litigation because the court's decision considered the success plaintiffs obtained at trial and the 21 claims dismissed before the pretrial and trial stages. Although Johnson maintains that time dedicated to these unsuccessful claims and plaintiffs has been excised from her records, it is not possible fully to segregate fees for issues relating to successful and unsuccessful plaintiffs and claims alike.[2]

Further, the court will not adjust its lodestar reduction. Although the lodestar is designed to provide sufficient incentive for counsel to undertake representation of meritorious civil rights suits, it is subject to being reduced based on the degree of success obtained. Moreover, in awarding Johnson 50% of her

---

[2]Moreover, the court in its discretion could have awarded less than 50% for fees incurred in connection with unsuccessful claims and plaintiffs. In awarding a 50% fee for all of Johnson's services, it effectively took into account the varied degrees of success that plaintiffs achieved. The calculation of attorney's fees need not be precise in these circumstances, and a 50% award fairly represents a reasonable fee in a holistic sense for Johnson's services given the limited degree of plaintiffs' success.

requested fees, the court did not specifically deny fee awards for time that was duplicative or excessive, as defendant Yellow Transportation, Inc. ("YTI") requested. This is so despite the fact that YTI's argument that the fee award should be reduced because Johnson occasioned delays in the trial schedule resulting in substantial additional fees supports a reduced fee award. The calculation of attorney's fees need not be precise in these circumstances, *see supra* note 2, and an award of 50% of Johnson's fees—$233,920—fairly and reasonably compensates her for representation in this case.

\* \* \*

For the reasons stated, plaintiffs' motion to reconsider the court's award of attorney's fees is denied.

**SO ORDERED.**

December 6, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE